Cardillo & Corbett
Attorneys for Plaintiff
Shank International Pte. Ltd.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHANK INTERNATIONAL PTE. LTD.,            :

                      Plaintiff,          :     **ECF**

          -against-                       :     **VERIFIED COMPLAINT**
                                          :
SME SHIPPING PTE. LTD.,                    :
                                          :
                      Defendant.          :
------------------------------------x

        Plaintiff, SHANK INTERNATIONAL PTE. LTD.

(hereinafter referred to as "Plaintiff"), by and through

its attorneys, Cardillo & Corbett, as and for its Verified

Complaint against SME SHIPPING PTE. LTD. (hereinafter

referred to as "Defendant"), alleges, upon information and

belief, as follows:

                        JURISDICTION

        1.    This is an admiralty and maritime claim

within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure and 28 United States Code § 1333.

                        THE PARTIES

        2.    At all times material to this action,

Plaintiff was, and still is, a corporation created and

existing under the laws of the Republic of Singapore, with

its office at 170 Upper Bukit Timah Road, # 13-02 Bukit Timah Shopping Centre, Singapore 588179.

3.    Plaintiff is in the business, among other things, of providing fuel oils to ocean going vessels.

4.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under foreign law, with a place of business at 111 North Bridge Road, # 23-01 Peninsula Plaza, Singapore 179098.

## DEFENDANT'S BREACH OF CONTRACT

5.    By a written contract dated March 25, 2008 ("the Contract") the Defendant agreed to purchase from the Plaintiff certain fuel oils ("the Fuel Oils") to be supplied to the vessel M/V KA CHI BONG ("the Vessel") at Singapore.  On that same date the Plaintiff did cause the Fuel Oils to be delivered on board the Vessel.

6.    On March 25, 2008 the Plaintiff delivered two invoices to the Defendant for the agreed prices of the Fuel Oils, the first for $120,299.60 and the second for $48,841.63.  The  Defendant paid $80,000 on account of the first invoice.

7.    On April 30, 2008 the Defendant delivered to the Plaintiff two bank checks, one purportedly in full payment of the second invoice and the other purportedly in

full payment of the balance owed on the first invoice. Both checks were dishonored by the drawee bank on May 6, 2008.

8.    The Plaintiff protested to the Defendant regarding this failure of payment.  However, to date the Defendant has not paid its remaining debt to the Plaintiff of $89,141.23, despite the Plaintiff's demands for payment.

9.    By reason of the aforesaid, Plaintiff has suffered damages from the Defendant's breach of the Contract in the amount of $89,141.23.

<u>THE LAWSUIT IN SINGAPORE</u>

10.    The Plaintiff has instructed its attorneys in Singapore to commence suit in Singapore against the Defendant for the matters complained of herein.  The within action is brought to obtain security for a judgment to be obtained by the Plaintiff in the lawsuit in Singapore.

<u>PLAINTIFF'S DAMAGES</u>

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in lawsuits in Singapore.  As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

A.    Principal claim:                    $89,141.23

B.    2 years interest at 7% per annum:   12,479.77

C.    Costs and attorneys' fees:           25,000.00


Total:                                    $126,621.54

<u>DEFENDANT NOT FOUND WITHIN THE DISTRICT</u>

12.   The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State Bank of India, UBS AG and/or Wachovia Bank.

13.   The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime

Claims, attaching, *inter alia,* any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Societe Generale, Standard Chartered Bank, State

Bank of India, UBS AG and/or Wachovia Bank, in the amount of $126,621.54 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

   C.   That this Court retain jurisdiction over this matter through the entry of any judgment associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

   D.   That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          May 22, 2008

                              CARDILLO & CORBETT
                              Attorneys for Plaintiff
                              SHANK INTERNATIONAL PTE.  LTD.


                        By: _____
                            Francis H. McNamara  (FM4649)

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.   My name is Francis H. McNamara.

    2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.   I am associated with the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff's attorneys in Singapore.

      7.  I am authorized to make this Verification on behalf of the Plaintiff.


Dated:    May 22, 2008
          New York, New York

                    (Francis H. McNamara)

Sworn to this 22nd day
of May, 2008


                    Notary Public

            CHRISTOPHIL B. COSTAS
        Notary Public, State of New York
            No. 31-0773693
         Qualified in New York County
      Commission Expires April 30, 2011

8